# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>Plaintiff,<br><br>v.<br><br>MARIA CHAVES, et al.,<br><br>Defendants. | Case No. 1:25-cv-00137-JLT-SAB<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED FOR LACK OF VENUE<br><br>**TWENTY-ONE DAY DEADLINE** |

    Plaintiff Timothy Cleveland ("Plaintiff"), proceeding *pro se*, initiated this action on February 3, 2025. (ECF No. 1.) Plaintiff, a California resident, brings this action against Defendants Maria Chaves, in her official capacity as an association community manager in Nevada, and Kimberly Fruth, in her official capacity as an association secretary in Nevada. (Id. at 2.) Plaintiff alleges both Defendants reside in Las Vegas, Nevada. (Id. at 1.) Plaintiff expressly alleges the "[l]ocation of violations: City of Henderson, Zip Code 89002." (Id. at 3, 4.)

    Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with

respect to such action.

Plaintiff's complaint does not contain any allegations that venue is proper in the Eastern District of California. Based on the Court's limited review of the complaint, it appears that venue is improper in this District. Both Defendants reside in Nevada and Plaintiff expressly alleges all of the events giving rise to Plaintiff's complaint occurred in Henderson, Nevada. See 28 U.S.C. § 1391(b)(1)-(2). Because there is another district in which this action could have been filed—the District of Nevada—the third basis for venue is not triggered. See 28 U.S.C. § 1391(b)(3). Plaintiff's pleadings therefore fail to demonstrate that this District is a proper venue.

If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); see Schotz v. Koch, No. 09–00225 JMS/BMK, 2009 WL 1505676 (D. Haw. May 28, 2009) (transferring action for lack of venue at the *in forma pauperis* stage). "A district court may raise the issue of defective venue on its own motion, provided it first issues an order to show cause why the case should not be transferred or dismissed." Emrit v. Horus Music Video Distribution, No. CV 20-00007 JMS-RT, 2020 WL 1822597, at *3 (D. Haw. Apr. 10, 2020) (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)); see also Lamptey v. Cnty. of Orange Cal., No. CIV S-08-1956 GEB EFB, 2009 WL 4017186, at *2 (E.D. Cal. Nov. 16, 2009) (requiring that Plaintiff first show why the action should not be dismissed or transferred). Accordingly, Plaintiff shall be ordered to show cause why this action should not be dismissed or transferred for improper venue.

///
///
///
///
///
///
///
///

Accordingly, Plaintiff is HEREBY ORDERED to show cause, in writing, **within twenty-one (21) days**, why this action should not be dismissed without prejudice or transferred to the District of Nevada, pursuant to 28 U.S.C. § 1406(a). <u>**A failure to timely respond to this order to show cause will result in a recommendation that this action be dismissed without prejudice for improper venue and failure to comply with a court order.**</u>

IT IS SO ORDERED.

Dated:   **February 13, 2025**

STANLEY A. BOONE
United States Magistrate Judge

3