# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIA CHAVES, et al.,<br><br>    Defendants. | Case No. 1:25-cv-00137-JLT-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND TRANSFERRING ACTION TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA<br><br>(ECF Nos. 1, 3, 4) |

On February 3, 2025, Plaintiff Timothy Cleveland ("Plaintiff"), proceeding *pro se*, filed an application to proceed *in forma pauperis* and a complaint against Maria Chaves and Kimberly Fruth.[1]  (ECF No. 1.)   Plaintiff expressly alleged both defendants resided in Nevada and that all events giving rise to Plaintiff's complaint occurred in Henderson, Nevada.  (Id. at 1-4.)  Based on the Court's limited review of the complaint, it appeared that venue was improper in this District.  Accordingly, on February 13, 2025, the Court ordered that Plaintiff show cause in writing why this action should not be dismissed or transferred to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a).  (ECF No. 3.)

On March 6, 2025, Plaintiff filed a document entitled "amended complaint badges and incident of slavery."  (ECF No. 4.)  Although the document is not a model of clarity, it appears

---

[1] Because the Court transfers this action to the District of Nevada, the Court does not determine whether Plaintiff is entitled to proceed *in forma pauperis* (see ECF No. 2) and does not screen the complaint beyond determining that venue is improper in the Eastern District of California.  The Court emphasizes that no pronouncement of this Court concerning venue binds the District of Nevada in any way regarding the merits of Plaintiff's claims.

1

Plaintiff responded to the Court's order to show cause within an amended complaint wherein he names two additional defendants, Larry Palmer and Andrew Flores. Plaintiff's March 6, 2025 filing confirms this action was improperly filed in the Eastern District of California. For the following reasons, the Court will transfer this action to the District of Nevada.[2]

## I.

## LEGAL STANDARD

As stated in the Court's order to show cause, a civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). If a court determines the appropriate venue for a case lies in another division or district, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Even if venue is proper, a court may transfer an action to another district under 28 U.S.C. § 1404(a) "[f]or the convenience of parties and witnesses, in the interest of justice." Section 1404(a) allows a transfer of venue by motion of either party, or by the court *sua sponte*, so long as the parties have the opportunity to present their views on the issue. Crane v. City of Dunsmuir, No. 20-CV-07010-JSC, 2021 WL 603030, at *1 (N.D. Cal. Jan. 4, 2021) (citing Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986)).

## II.

## DISCUSSION

The proper venue for the instant action is the District of Nevada. Each of the four individuals listed as Defendants in Plaintiff's amended complaint—Maria Chaves, Kimberly

---

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c). A venue transfer does not address the merits of the case and is therefore a non-dispositive matter that falls within the scope of a magistrate judge's jurisdiction under 28 U.S.C. § 636(b)(1)(A). See Ames v. Wells Fargo Bank, N.A., 2023 WL 7392026, at *2 (N.D. Cal. Oct. 27, 2023), reconsideration denied, 2023 WL 7434359 (N.D. Cal. Oct. 31, 2023).

1  Fruth, Larry Palmer, and Andrew Flores—reside in Nevada. (ECF No. 1 at 1; ECF No. 4 at 5.)
2  Further, all events giving rise to Plaintiff's claims occurred in Nevada. (ECF No. 3.) In
3  response to the Court's order to show cause, Plaintiff does not dispute that each Defendant
4  resides in Nevada or that the alleged violations occurred in Nevada. Rather, he argues venue is
5  proper because "the overarching fact is that Slavery is explicitly prohibited in the United States."
6  (ECF No. 4 at 4.) Plaintiff further argues that "Congress did not grant court discretion 'to raise
7  the issue of defective venue on its own motion' when 13th Amendment violations are the subject
8  matter." (Id.) Additionally, Plaintiff requests the Court enter default judgment and summary
9  judgment against Larry Palmer and Andrew Flores in District of Nevada case number 2:24-cv-
10 00511-CDS-DJA. (Id. at 5.) Plaintiff contends that because the District of Nevada previously
11 determined it lacked subject matter jurisdiction over a separate complaint, the question of venue
12 in this action is moot. (Id.) Plaintiff appears to conflate subject matter jurisdiction with proper
13 venue. The former refers to the Court's authority to hear the substantive legal dispute while the
14 latter determines the specific geographic location where the dispute can be brought. This Court
15 must have both for Plaintiff to proceed in this District. Because no defendant resides in this
16 District; no part of the events giving rise to Plaintiff's claims occurred in this District; and
17 Plaintiff could have brought his claims in the District of Nevada, the Court finds venue is
18 improper in the Eastern District of California. See 28 U.S.C. § 1391(b)(1)-(3).

19    In the interest of justice, a court may transfer a complaint filed in the wrong district to the
20 correct district. See 28 U.S.C. § 1406(a). The Court finds it is in the interest of justice for this
21 action to be transferred, as opposed to dismissed. Plaintiff's pro se status and his stated intent to
22 litigate this action weigh in favor of transfer rather than dismissal. It is clear that Plaintiff,[3]
23 Defendant, relevant witnesses, and all information related to this action is located in Nevada.
24 Accordingly, this matter shall be transferred to the District of Nevada.

25

---

[3] Although Plaintiff maintains he is a California resident (ECF No. 1 at 1; ECF No. 4 at 1), it appears he currently resides in Nevada. (See ECF No. 4 (listing a Nevada mailing address and alleging he is currently "unlawfully held in the state of Nevada" for the instant future pending surgery).) Although these allegations do not preclude Plaintiff from being a citizen of California for purposes of diversity jurisdiction, such contentions confirm that, even if venue was proper in this District, this action should be transferred pursuant to 28 U.S.C. § 1404(a) for the convenience of *both* Plaintiff and Defendant.

## III.

## CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's February 13, 2025 order to show cause (ECF No. 3) is DISCHARGED;

2. This action is TRANSFERRED to the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1406(a);

3. Plaintiff is instructed to direct any filings or inquiries related to this case to the United States District Court for the District of Nevada. <u>Further filings in the Eastern District of California related to this case will be disregarded</u>; and

4. The Clerk of Court shall CLOSE this case, upon effecting the transfer.

IT IS SO ORDERED.

Dated:   **March 25, 2025**

STANLEY A. BOONE
United States Magistrate Judge